KEMNITZER, BARRON & KRIEG, LLP
BRYAN KEMNITZER            Bar No. 066401
ADAM J. McNEILE            Bar No. 280296
445 Bush St., 6th Floor
San Francisco, CA 94108
Telephone: (415) 632-1900
Facsimile: (415) 632-1901

Attorneys for Plaintiff Javier Quiroz and the proposed class

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER QUIROZ, | CLASS ACTION |
| Plaintiff, | **Case No.** |
| vs. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** |
| CAVALRY SPV I, LLC, | |
| Defendant. | **(I) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692, *ET SEQ.*;** |
| | **(II) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CIVIL CODE §1788, *ET SEQ.*; AND** |
| | **(III) THE UNFAIR COMPTITION LAW, BUS. & PROF. CODE §17200, *ET SEQ.*** |
| _____/ | JURY TRIAL DEMANDED |

**INTRODUCTION**

1. Plaintiff JAVIER QUIROZ ("QUIROZ" or "Plaintiff") brings this complaint individually and on behalf of others similarly situated to remedy the unlawful conduct of CAVALRY SPV I, LLC ("CAVALRY" or "Defendant"), and on information and belief, alleges as follows.

**A.    CAVALRY's Debt Collection Efforts Violate the Law**

2. This case arises out of the attempts of CAVALRY, a downstream debt collector, to collect from California consumers on alleged open-ended financing debt that was originated in violation of California law. In fact, Plaintiff and the class do not owe anything on these alleged

debts, as they are uncollectible on account of Plaintiff and the class not having been provided with a statutorily mandated notice required by California Business & Professions Code §654.3 ("Section 654.3") prior to the arranging of the credit. This renders the alleged debt uncollectible.

3. CAVALRY's collection attempts, therefore, violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (the "FDCPA"); the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §1788, *et seq.* (the "Rosenthal Act"); and the Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq*. (the "UCL").

**B.     Plaintiff's and Class Member's Alleged Debt is Uncollectible on Account of Violations of Section 654.3**

4. Each of the financial obligations on which CAVALRY is attempting to collect from Plaintiff and the class was originated in health care offices, where the California legislature has enacted legislation mandating that certain procedures be followed prior to arranging credit to address abusive practices. If these procedures are not followed, the ensuing debt is not collectible.

5. Section 654.3 went into effect in California on January 1, 2011. It was enacted in response to a growing problem of dental debt among consumers, particularly the elderly, low-income, and limited English-speaking patients to finance otherwise unaffordable dental procedures and devices. Typically, these patients thought they were signing payment plans with their dental providers and only realized they had opened a high interest third party credit account when they started receiving credit card statements. In addition, some consumers were charged for future services they did not receive, and limited English proficient customers were given applications in English that they did not understand. The California legislature deemed this to be such an important issue that it made violating Section 654.3(c) a misdemeanor.

6. On January 1, 2015, a new version of Section 654.3 went into effect that expanded the coverage of Section 654.3 to include all healing arts licensees – not just dentists. However, from January 1, 2011 to December 31, 2014, Section 654.3(c) provided that a dentist, or an employee or agent of that dentist, shall not arrange for or establish credit extended by a third party for a patient without first providing a written notice regarding the opening of the credit and obtaining

1  a signature from the patient.

2  7.    Plaintiff and members of the class were neither provided with nor asked by their health care providers to sign a written notice pursuant to Section 654.3(c) prior to opening an open-end credit account extended by the originator of the credit, GE CAPITAL RETAIL BANK ("GE CAPITAL"). Accordingly, Plaintiff's GE CAPITAL credit account and the credit accounts of the class violate this statute and are unlawful and uncollectible, and any associated credit agreements are unenforceable. Nevertheless, CAVALRY collected or attempted to collect monies from Plaintiff and members of the class in willful violation of Section 654.3.

**PARTIES**

8.    Plaintiff QUIROZ is an individual who currently resides in the County of Ventura, State of California. Plaintiff is a "Patient" within the meaning of Business & Professions Code §654.3(i)(3).[1]

9.    Defendant CAVALRY is a Delaware corporation authorized to conduct business in the State of California. CAVALRY is not an attorney or counselor at law; CAVALRY, is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and California Civil Code §1788.2(c).

**JURISDICTION AND VENUE**

10.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), and 28 U.S.C. §1367 for supplemental state law claims.

11.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District.

**SUMMARY OF FACTS**

12.    Plaintiff visited Santa Paula Dental Care ("Santa Paula") on or about January 4, 2011 with his wife, who was obtaining dental work.

13.    While at Santa Paula, Santa Paula's staff enrolled Plaintiff in a financing program to pay for Plaintiff's wife's future dental work. Plaintiff speaks only Spanish; thus, all discussions Plaintiff had with Santa Paula were in Spanish. Regardless, Santa Paula's staff did not provide Plaintiff with any detail about the financing program. Santa Paula's staff did not explain to

---

[1] This is a reference to the statute as it was at the time of the financing arrangement.

Plaintiff that by participating in the financing program, he would be opening a revolving credit account.

14. Santa Paula's staff filled out a credit application and signed Plaintiff up for a credit card through GE CAPITAL RETAIL BANK subsidiary or otherwise related entity CareCredit ("GE CAPITAL") to pay for dental work for his wife. Prior to submitting the credit application, Santa Paula's staff failed to provide Plaintiff with the following written notice, required by Section 654.3(c),[2] on one page in at least 14-point type, and failed to obtain a signature from Plaintiff:

"Credit for Dental Services

The attached application and information is for a credit card/line of credit or loan to help you finance your dental treatment. You should know that:

You are applying for a _____ credit card/line of credit or a _____ loan for $_____.

You do not have to apply for the credit card/line of credit or loan. You may pay your dentist for dental treatment in another manner.

This credit card/line of credit or loan is not a payment plan with the dental office; it is credit with [name of company issuing the credit card/line of credit or loan]. Your dentist does not work for this company.

Before applying for this credit card/line of credit or loan, you have the right to a written treatment plan from your dentist that includes the anticipated treatment to be provided and the estimated costs of each service.

If you are approved for a credit card/line of credit, your dentist can only charge treatment and lab costs to that credit card/line of credit when you get the treatment or the dentist incurs costs unless your dentist has first given you a list of treatments that you are paying for in advance and the cost for each treatment or service.

You have the right to receive a credit to your credit card/line of credit or loan account refunded for any costs charged to the credit card/line of credit or loan for treatment that has not been rendered or costs that your dentist has not incurred. Your dentist must refund the amount of the charges to the lender within 15 business days of your request, after which the lender will credit your account.

Please read carefully the terms and conditions of this credit card/line of credit or loan, including any promotional offers.

You may be required to pay interest on the amount charged to the credit card/line of credit or the amount of the loan. If you miss a payment or do not pay on time, you may have to pay a penalty and/or a higher interest rate.

If you do not pay the money that you owe the company that provides you with a

---
[2] This is a reference to the statute as it was at the time of the financing arrangement.

credit card/line of credit or loan, your missed payments can appear on your credit report and could hurt your credit rating. You could also be sued.

[Patient's Signature]"

15. GE CAPITAL approved Plaintiff for an open-end credit account, and Santa Paula charged approximately $3,135.00 to the newly opened account for dental services that had not yet been rendered.

16. Plaintiff did not receive any documents relating to the newly opened GE CAPITAL account at that time.

17. GE CAPITAL then began sending Plaintiff monthly billing statements despite the fact that the entire debt was invalid and uncollectible because Plaintiff never received a written notice required by Section 654.3(c).

18. Despite the debt being uncollectible, Plaintiff made payments to GE CAPITAL totaling at least $3,135.00 between the alleged inception of the account and October 15, 2013.

19. CAVALRY, a downstream debt collector, subsequently purchased Plaintiff's GE CAPITAL account on December 10, 2013 pursuant to a forward flow agreement. Undoubtedly, this agreement encompassed the sale of thousands of consumer accounts.

20. Thereafter, CAVALRY began contacting Plaintiff to attempt to collect on the illegally opened GE CAPITAL account. On July 2, 2015, CAVALRY filed suit to collect on the alleged debt in the Superior Court for the County of Ventura, Case No. 56-2015-00469624-CL-CL-VTA. CAVALRY ultimately dismissed that action without prejudice on or about March 25, 2016.

**INJURY IN FACT**

21. Plaintiff and the class members had a legally protected privacy interest arising out of the FDCPA and the Rosenthal Act to be free from debt collection activities on debt that is uncollectible.

22. That interest bars entities like CAVALRY from intruding upon the Plaintiffs' and the class members' private lives. Specifically, the FDCPA and Rosenthal Act barred CAVALRY from attempting to collect on debts that were uncollectible.

23. CAVALRY attempted to collect from Plaintiff and the class members.

24. Those calls violated the individual rights of the Plaintiff and the class members.

25. As such, the harms to the Plaintiffs and class members arose directly from the violation of their respective rights by CAVALRY.

26. These invasions of their personal lives caused frustration, annoyance, and hardship for the Plaintiff and class members, from whom CAVALRY was barred from collecting on the debts originated in violation of Section 654.3, a law that was enacted specifically to protect Plaintiff and class members. Plaintiff and the class members have suffered an injury in fact.

## CLASS ACTION ALLEGATIONS

27. Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), Plaintiff brings this class action on behalf of himself and all other persons similarly situated. Plaintiff brings this action in a representative capacity to remedy the ongoing unlawful, unfair, and fraudulent business practices alleged herein, and to seek redress on behalf of all those persons who have been affected thereby.

28. Plaintiff is unable to state the precise number of potential members of the proposed class because that information is in the possession of Defendants. It consists of at least hundreds of members, and is so numerous that joinder of all members would be impracticable. The exact size of the proposed class, and the identity of the members thereof, will be readily ascertainable from the business records of Defendants.

29. The class on whose behalf this complaint is brought is composed of:

    (a) all California "patients", as that term is defined in Bus. & Prof. Code §654.3, who opened a credit account extended by GE CAPITAL arranged or established by dentist between January 1, 2011 and December 31, 2014;

    (b) who were not provided first with the written disclosure entitled "Credit for Dental Services" set forth in Bus. & Prof. Code §654.3(c) on one page in at least 14-point type;

    (c) whose account was acquired by CAVALRY;

      (d)    and from whom CAVALRY attempted to collect or did collect any amount on their credit account at any time from one year preceding the filing of this complaint through the present.

30.    The Class Definition is subject to such further definition, limitations, and exclusions.

31.    There is a community of interest among the members of the proposed class in that there are questions of law and fact common to the proposed class that predominate over questions affecting only individual members.  Proof of a common set of facts will establish the liability of Defendants, and the right of each member of the class to recover.

32.    The common questions of law and fact that predominate as to all class members include, *inter alia*:

      (a)    Whether GE CAPITAL authorized and approved credit accounts for California consumers arranged by the consumers' dentists without providing and obtaining the consumers' signature on a written disclosure entitled "Credit for Dental Services," as required by Section 654.3(c), prior to opening the credit account;

      (b)    Whether CAVALRY misrepresented to California consumers who were not provided a written disclosure entitled "Credit for Dental Services" prior to opening a credit account arranged by the consumers' dentists that they were obligated to pay on these accounts when, in fact, there was no obligation to pay;

      (c)    Whether CAVALRY collected or attempted to collected on credit accounts arranged by consumers' dentists from California consumers who were not provided a written disclosure entitled "Credit for Dental Services" prior to opening the accounts;

      (d)    Whether CAVALRY filed lawsuits and obtained judgments to collect on credit accounts arranged by consumer's dentists against California consumers who were not provided a written disclosure entitled "Credit for Dental Services" prior to opening the accounts;

(e) Whether CAVALRY's practices related to members of the Class violate the UCL;

(f) Whether CAVALRY's practices related to members of the Class violate the Rosenthal Act;

(g) Whether CAVALRY's practices related to members of the Class violate the FDCPA;

(h) Whether Plaintiff and the Class are entitled to injunctive relief;

(i) Whether Plaintiff and the Class are entitled to damages and restitution; and

(j) Whether Plaintiff and the Class are entitled to attorneys' fees and costs.

33. The claims asserted by Plaintiff will be governed by the laws of the state of California and the injuries resulting from Defendants' conduct were incurred in California.

34. Plaintiff's claims are typical of those of the class he seeks to represent, and he will fairly and adequately represent the interests of the class. Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

35. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent adjudications with respect to individual class members against Defendants or any of them, and would establish incompatible standards of conduct.

36. As a proximate result of the unfair method of competition, and the deceptive, unfair acts and practices undertaken by Defendants, their agents, and employees, Plaintiff and the class have suffered actual damages in an amount that exceeds the jurisdictional minimum of the Superior Court.

//

//

**FIRST CAUSE OF ACTION**
(Against CAVALRY)
(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*)

37. Plaintiff realleges and incorporates herein by reference the allegations in each and every paragraph above.

38. Congress enacted the FDCPA in 1977 to eliminate "abusive, deceptive, and unfair debt collection practices," which Congress found had contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). To achieve that goal, the FDCPA creates a wide range of consumer protections, including broad prohibitions on harassing or abusive collection practices; false or misleading representations; and unfair or unconscionable debt-collection methods. 15 U.S.C. §§1692d-1692f.

39. Plaintiff alleges on information and belief that GE CAPITAL sold or assigned Plaintiff and class members' accounts to CAVALRY.

40. Plaintiff and class members are "consumers" within the meaning of 15 U.S.C. §1692a(3).

41. The alleged debt that CAVALRY attempted to collect from Plaintiff and members of the class is consumer "debt" within the meaning of 15 U.S.C. §1692a(5).

42. CAVALRY is and continues to be a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

43. In attempting to collect from Plaintiff and members of the class, CAVALRY was acting and continues to act as a person who, in the ordinary course of business, regularly, on behalf of themselves and others, engaged in debt collection. In doing so, CAVALRY sent letters and/or legal documents, which constitute debt "communications" within the meaning of 15 U.S.C. §1692a(2).

44. CAVALRY violated 15 U.S.C. §1692e(2)(A) by making representations that would mislead the least sophisticated consumer regarding the character, amount, or legal status of a debt; namely, CAVALRY sent collection letters or legal documents to Plaintiff and members of the class falsely representing that Plaintiff and members of the class owed a balance to CAVALRY; this was false in that the underlying alleged debt is unlawful and uncollectible on

account of the failure to provide members of the Subclass with a statutory notice entitled "Credit for Dental Services" pursuant to Section 654.3(c) prior to opening the GE CAPITAL open-end credit accounts.

45. CAVALRY violated 15 U.S.C. §1692e(5) by making representations that would mislead the least sophisticated consumer by threatening to take any action that cannot legally be taken; namely, CAVALRY sent collection letters or legal documents to Plaintiff and members of the class falsely representing that Plaintiff and members of the class owed a balance to CAVALRY and that CAVALRY would attempt to collect that balance; this was false in that the underlying alleged debt is unlawful and uncollectible on account of the failure to provide members of the class with a statutory notice entitled "Credit for Dental Services" pursuant to Section 654.3(c) prior to opening the GE CAPITAL open-end credit accounts.

46. CAVALRY violated 15 U.S.C. §1692e(10) by making representations that would mislead the least sophisticated consumer by using false representations and deceptive means to collect or attempt to collect a debt; namely, CAVALRY sent collection letters or legal documents to Plaintiff and members of the class falsely representing that Plaintiff and members of the class owed a balance to CAVALRY that should be remitted to CAVALRY; this was false in that the underlying alleged debt is unlawful and uncollectible on account of the failure to provide members of the class with a statutory notice entitled "Credit for Dental Services" pursuant to Section 654.3(c) prior to opening the GE CAPITAL open-end credit accounts.

47. CAVALRY violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt a debt, by sending Plaintiff and members of the class collection letters or legal documents that were false in that the underlying debt underlying alleged debt is unlawful and uncollectible on account of the failure to provide members of the class with a statutory notice entitled "Credit for Dental Services" pursuant to Section 654.3(c) prior to opening the GE CAPITAL open-end credit accounts.

48. These false, deceptive, and misleading representations or means were likely to deceive the least sophisticated consumer and have caused Plaintiff and the class damages in an amount to be shown at trial. Plaintiff and the class have been damaged by CAVALRY's attempts to collect

1  on these uncollectible debts; specifically, CAVALRY has wasted Plaintiff's time, caused
2  Plaintiff to incur expenses responding to CAVALRY's collection efforts, and have caused
3  frustration, annoyance, and hardship.
4  49.    Pursuant to 15 U.S.C. §1692k, Plaintiff is seeking actual damages sustained by Plaintiff
5  and the class as a result of CAVALRY's violations as well as any additional damage the court
6  may allow not to exceed $1,000 for the named Plaintiff and such amount as the court may allow
7  for all other class members, without regard to a minimum recovery, not to exceed the lesser of
8  $500,000 or 1% of the net worth of CAVALRY; and attorneys' fees and costs.
9        WHEREFORE, Plaintiff prays for damages and attorneys' fees and costs and as hereafter
10 set forth.

**SECOND CAUSE OF ACTION**
(Against CAVALRY)
(Violation of the Rosenthal Fair Debt Collection Practices Act, Civil Code §1788, *et seq*.)

13 50.   Plaintiff realleges and incorporates by reference as though fully set forth herein each and
14 every allegation contained in the paragraphs above.
15 51.   The California legislature enacted the Rosenthal Act in 1977, the same year as the
16 FDCPA, "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the
17 collection of consumer debts . . . ." Cal. Civ. Code §1788.1(b).  In 1999, the California
18 legislature substantially amended the Rosenthal Act to incorporate many FDCPA provisions by
19 reference, thereby making violations of these provisions into Rosenthal Act violations. Cal. Civ.
20 Code §1788.17.
21 52.   CAVALRY is a debt collector pursuant to the Rosenthal Act, which defines "debt
22 collector" as any person who, in the ordinary course of business, regularly, on behalf of himself
23 or himself or others, engages in debt collection.  The term includes any person who composes
24 and sells, or offers to compose and sell, forms, letters, and other collection media used or
25 intended to be used for debt collection, but does not include an attorney or counselor at law.
26 Civil Code §1788.2(c). The term "debt collection" means any act or practice in connection with
27 the collection of consumer debts.  Civil Code §1788.2(b).  The GE CAPITAL credit accounts on
28 which CAVALRY has collected and attempts to collect are consumer debts under the Rosenthal

Act, which defines "consumer debt" as money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.

53.     CAVALRY has violated the Rosenthal Act because, among other things, the consumer debts that it has collected and attempted to collect from Plaintiff and members of the class were not permitted by law. None of the class members owe money to CAVALRY because they were not provided with a statutory notice entitled "Credit for Dental Services" pursuant to Section 654.3(c) prior to opening the GE CAPITAL open-end credit accounts, which renders the underlying contract illegal and, therefore, void, making any monies allegedly owed pursuant thereto uncollectible.

54.     Nonetheless, CAVALRY has demanded money or otherwise represented that Plaintiff and members of the class owed a debt, and made false and deceptive statements in connection with the collection of consumer debts. In so doing, CAVALRY violated the Rosenthal Act.

55.     CAVALRY violated Civil Code §1788.17 by using false, deceptive, and misleading representations and means in connection with the collection and/or attempted collection of balances from Plaintiff and the class.

56.     The Rosenthal Act expressly incorporates the provisions of 15 U.S.C. §§1692b-1692j, and declares that it is unlawful for a debt collector, in connection with the collection of any debt, to make any false representation regarding the character, amount, or legal status of any debt, as well as any other false representation. *See* Civil Code §1788.17; 15 U.S.C. §1692e(2)(A), (5), (10). The Rosenthal Act also declares that it is unlawful to collect any amount that is not permitted by law. *See* 15 U.S.C. §1692f(1).

57.     CAVALRY violated 15 U.S.C. §1692e(2)(A), and in turn violated Civil Code §1788.17, by making representations that would mislead the least sophisticated consumer regarding the character, amount, or legal status of a debt; namely, CAVALRY sent collection letters to Plaintiff and members of the class falsely representing that Plaintiff and members of the class owed a balance to CAVALRY; this was false in that the underlying alleged debt is unlawful and uncollectible on account of the failure to provide members of the Subclass with a statutory notice entitled "Credit for Dental Services" pursuant to Section 654.3(c) prior to opening the GE

1  CAPITAL open-end credit accounts.

2  58.     CAVALRY violated 15 U.S.C. §1692e(5), and in turn violated Civil Code §1788.17, by making representations that would mislead the least sophisticated consumer by threatening to take any action that cannot legally be taken; namely, CAVALRY sent collection letters to Plaintiff and members of the class falsely representing that Plaintiff and members of the class owed a balance to CAVALRY and that CAVALRY would attempt to collect that balance; this was false in that the underlying alleged debt is unlawful and uncollectible on account of the failure to provide members of the class with a statutory notice entitled "Credit for Dental Services" pursuant to Section 654.3(c) prior to opening the GE CAPITAL open-end credit accounts.

59.     CAVALRY violated 15 U.S.C. §1692e(10), and in turn violated Civil Code §1788.17, by making representations that would mislead the least sophisticated consumer by using false representations and deceptive means to collect or attempt to collect a debt; namely, CAVALRY sent collection letters to Plaintiff and members of the class falsely representing that Plaintiff and members of the class owed a balance to CAVALRY that should be remitted to CAVALRY; this was false in that the underlying alleged debt is unlawful and uncollectible on account of the failure to provide members of the class with a statutory notice entitled "Credit for Dental Services" pursuant to Section 654.3(c) prior to opening the GE CAPITAL open-end credit accounts.

60.     CAVALRY violated 15 U.S.C. §1692f, and in turn violated Civil Code §1788.17, by using unfair or unconscionable means to collect or attempt a debt, by sending Plaintiff and members of the class collection letters that were false in that the underlying debt underlying alleged debt is unlawful and uncollectible on account of the failure to provide members of the class with a statutory notice entitled "Credit for Dental Services" pursuant to Section 654.3(c) prior to opening the GE CAPITAL open-end credit accounts.

61.     These false, deceptive, and misleading representations or means were likely to deceive the least sophisticated consumer and have caused Plaintiff damages in an amount to be shown at trial.

62. Pursuant to Civil Code §1788.17, CAVALRY is "subject to the remedies in Section 1692k of, Title 15 of the United States Code," including any actual damages sustained by Plaintiff and the class as a result of CAVALRY's violations; any additional damage the court may allow not to exceed $1,000 for the named Plaintiff and such amount as the court may allow for all other class members, without regard to a minimum recovery, not to exceed the lesser of $500,000 or 1% of the net worth of CAVALRY; and attorneys' fees and costs.

63. WHEREFORE, Plaintiff prays for damages and attorneys' fees and costs and as hereafter set forth.

**THIRD CAUSE OF ACTION**
(Against CAVALRY)
(Violations of Business and Professions Code §17200, *et seq*.)

64. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

65. Plaintiff files this cause of action individually, on behalf of the general public, and as a class action, to challenge and to remedy CAVALRY's business practices. Business and Professions Code §17200, *et seq.*, often referred to as the "Unfair Competition Law" (the "UCL"), defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief and restitution to affected individuals as remedies for any violations of the UCL.

66. Beginning on an exact date unknown to Plaintiff, but at all times relevant herein and during the four years preceding the filing of the complaint in this action, CAVALRY committed acts of unfair competition proscribed by the UCL, including the practices alleged herein.

67. The business acts and practices of CAVALRY as hereinabove alleged constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate the Rosenthal Act and the FDCPA..

68. The business acts and practices of CAVALRY, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend the public policies for which the Rosenthal Act and the FCCPA were enacted and are substantially injurious to consumers. Said acts and practices have no utility that outweighs their substantial harm to consumers.

69.  The business acts and practices of CAVALRY, as hereinabove alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations, and by use of such deception, may preclude consumers from exercising legal rights to which they are entitled.

70.  The unlawful, unfair and fraudulent business acts and practices of CAVALRY described herein present a continuing threat to Plaintiffs and members of the class in that CAVALRY is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

71.  As a direct and proximate result of the acts and practices described herein, CAVALRY has received and collected substantial monies or property from Plaintiff and members of the class to which they are not entitled.  Plaintiff has suffered injury in fact and has lost money or property as a result of the unlawful, unfair and fraudulent acts and practices of CAVALRY challenged herein.  Specifically, Plaintiff has paid money on the unlawful GE CAPITAL credit account and has incurred costs and expenses protecting her rights and obtaining legal counsel, including to defend himself against the lawsuit CAVALRY filed against him.

72.  Pursuant to Business and Professions Code §17203, Plaintiff seeks an order enjoining CAVALRY from engaging in such acts and practices as hereinabove alleged, and providing appropriate restitution to Plaintiff and the members of the class.  In particular, Plaintiff seek to enjoin Defendants from:

(a) misrepresenting to California consumers who were not provided a written disclosure entitled "Credit for Dental Services" prior to opening a credit account arranged by the consumers' dentists that they are obligated to pay on these accounts;

(b) reporting to credit reporting agencies credit accounts arranged by consumers' dentists as debt lawfully due and owing by California consumers who were not provided a written disclosure entitled "Credit for Dental Services" prior to opening the credit accounts;

(c) collecting on credit accounts arranged by consumers' dentists from

California consumers who were not provided a written disclosure entitled "Credit for Dental Services" prior to opening the accounts;

  (d) filing lawsuits to collect on credit accounts arranged by consumers' dentists from California consumers who were not provided a written disclosure entitled "Credit for Dental Services" prior to opening the accounts.

73. Plaintiff further seeks to enjoin CAVALRY to do the following:

  (a) contact all credit reporting agencies to which CAVALRY has reported credit accounts arranged by consumers' dentists where the consumers were not provided a written disclosure entitled "Credit for Dental Services" prior to opening the accounts and requesting that such credit reporting agencies delete their entire tradelines relating to California consumers who were not provided a written disclosure entitled "Credit for Dental Services" prior to opening the accounts;

  (b) return all monies paid by California consumers on credit accounts arranged by the consumers' dentists where the consumers were not provided a written disclosure entitled "Credit for Dental Services" prior to opening the accounts.

74. In addition, pursuant to Code of Civil Procedure § 1021.5, Plaintiff seeks recovery of attorneys' fees, costs and expenses incurred in the filing and prosecution of this action.

WHEREFORE, Plaintiff prays for relief as set forth below.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

(1) For actual damages in excess of the jurisdictional minimum of this court;

(2) For statutory damages Pursuant to Civil Code §1788.17 and 15 U.S.C. §1692k;

(3) For restitution in an amount equal to at least the amount paid to CAVALRY;

(4) For an order enjoining CAVALRY's unlawful practices and requiring CAVALRY to

request deletion of its tradelines;

(5) For prejudgment interest from the date of consummation of the transaction at the maximum legal rate;

(6) For attorneys' fees and costs of suit incurred herein; and

(7) For such other and further relief as the Court deems just and proper under the circumstances.

Dated: June 29, 2016                KEMNITZER, BARRON & KRIEG, LLP

By:    */s/ Bryan Kemnitzer*
        BRYAN KEMNITZER